(No. 37465.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* CONNIE YORK *et al.,* Defendants in Error.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

FRANK G. WHALEN, of Chicago, for defendants in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendants, Rocco Secino, Connie York, Rocco Muscato and Joseph Corngold, were indicted in the criminal court of Cook County on charges of gambling and keeping a gambling house. Before their case came on for trial, they moved to quash a search warrant, and to suppress certain evidence seized under the warrant. The motion to quash the warrant was sustained on the ground that "the facts stated in the complaint do not show sufficient probable cause for issuance of this search warrant." The People have prosecuted this interlocutory writ of error from the order quashing the warrant. (Ill. Rev. Stat. 1961, chap. 38, par. 747.) Since a construction of the constitution is involved, this court has jurisdiction. *People* v. *Jackson,* 22 Ill.2d 382, 385; *People* v. *Watkins,* 19 Ill.2d 11; *People* v. *Mayo,* 19 Ill.2d 136.

The search warrant was issued upon the sworn complaint of John Farrell, who stated that he "has reasonable grounds to believe and does believe that gaming implements and apparatus are concealed, kept and provided to be used in unlawful gaming in the first floor of premises located" at a certain address in Cicero, Illinois. Farrell swore that he had "talked with an informant who had previously given reliable information concerning gambling," who told Farrell

that he "had been in the above described premises on four previous occasions during the preceding two weeks and that he had seen bookmaking on horse races and poker being played on each occasion." Farrell also swore: "I * * * went to the above described premises at about 2:30 P.M. I gained admittance by following two men into the premises after the door was opened from the inside by a man standing at the door. After I got inside the door I saw about twenty men standing around a room. Some of them were holding scratch sheets and racing forms. I overheard a conversation in which somebody said something about the first race. I was inside a little over a minute when the man who had let us in ordered me to leave."

Following decisions of the Supreme Court of the United States, (*Jones* v. *United States,* 362 U.S. 257, 4 L. ed. 2d 697; *Draper* v. *United States,* 358 U.S. 307, 3 L. ed. 2d 327,) we have held that probable cause for the issuance of a search warrant may be established by hearsay, if there is a substantial basis for relying upon it. (*People* v. *Jackson,* 22 Ill.2d 382, 387; *People* v. *Williams,* 27 Ill.2d 542.) In this case, the statement of the informant that he had seen gambling in the premises in question on four recent occasions was confirmed by what Farrell himself saw and heard when he visited the premises. The constitutional mandate that "no warrant shall issue without probable cause" neither requires a showing of guilt beyond a reasonable doubt, (*People* v. *Fiorito,* 19 Ill.2d 246, 257) nor commands a naive evaluation of the facts by the judicial officer who issues the warrant.

Upon oral argument the defendants suggested that the record does not show that the warrant was issued upon the complaint of a police officer, and argued that the statements of the informant should therefore be disregarded. The record shows, however, that this contention was not advanced in the trial court. On the contrary, it appears that, in the trial court as well as in their brief in this court, the defend-

ants referred to Farrell as a police officer. The contention that a warrant based in part upon hearsay may issue only upon the sworn complaint of a police officer is therefore not now available to the defendants, and we express no opinion concerning it. We hold that probable cause for the issuance of the warrant was properly shown.

Defendants' motion to quash asserted other defects in the proceedings. The People have urged that since the ground upon which the trial court quashed the search warrant in question was the lack of probable cause for its issuance, these other alleged defects should not be considered. But the question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which that result was reached. (*People ex rel. Kunstman* v. *Nagano,* 389 Ill. 231, 238; *Troup* v. *Hunter,* 300 Ill. 110, 112; *City of Chicago* v. *Farwell,* 260 Ill. 565, 569.) The other grounds upon which the defendants seek to support the order are therefore properly before us.

Defendants contend that the search warrant was void because no return of the warrant was made when the defendants were brought before a justice of the peace to be charged, and because the articles seized were never brought before any court. (Ill. Rev. Stat. 1961, chap. 38, pars. 693, 696, 697.) Since it has been determined that failure to comply with statutory requirements concerning the steps to be taken after the warrant has been served does not render the search warrant void, the contention cannot be sustained. *People* v. *Guston,* 338 Ill. 52.

The statute under which the warrant was issued provides that "Any such judge or justice of the peace may, * * * issue search warrants, * * * To search for and seize gaming apparatus, or implements used, or kept and provided to be used in unlawful gaming, in any gaming house, or in any building, apartment, or place resorted to for the purpose of unlawful gaming." (Ill. Rev. Stat. 1961,

chap. 38, par. 692.) The defendants take the position that the warrant is void because a "substantial part of the statute is omitted that is, that the building, apartment or place is resorted to for the purpose of unlawful gaming."

In support of this position they rely upon *Early* v. *People ex rel. Decker,* 117 Ill. App. 608. One of the alternative grounds of decision in that case was that the search warrant there before the court was fatally defective because it stated only that the gaming apparatus was unlawfully "kept and provided to be used for the purpose of unlawful gaming," and did not contain the statutory phrase "in any gaming house, or in any building, apartment, or place resorted to for purposes of unlawful gaming." The precise basis of the holding is hard to discern. The court apparently felt that the omitted phrase was intended to express an independent requirement that there must be a statement that a place existed within the State which was resorted to for gambling purposes, and that the gambling apparatus was kept or provided to be used in that place. This construction was based on the ground that meaning must, if possible, be given to every word of a statute and that unless the statute was so construed the omitted statutory phrase would be without meaning.

Two observations are pertinent. In the first place, there is no constitutional or statutory requirement that a search warrant recite upon its face all of the provisions of the statute under which it was issued. The purpose of the warrant is to authorize the officer to conduct the search, and to describe the premises to be searched and the items for which the officer is authorized to search. These are the matters that are required by statute to be stated in the warrant. Ill. Rev. Stat. 1961, chap. 38, par. 693.

In the second place, we are of the opinion that the Appellate Court's interpretation of the statute was erroneous. The statutes relating to gambling have consistently expressed concern not only with "gaming houses" but also

with other places that might be resorted to for gambling. For example, section 127 of division 1 of the Criminal Code of 1874, which prohibited gaming houses, stated: "Whoever keeps a common gaming house, or in any building, booth, yard, garden, boat or float, * * * permits any person to frequent or to come together to play for money * * *." (Ill. Rev. Stat. 1961, chap. 38, par. 325.) Section 133 of division 1 provided: "If any person shall rent or lease to another any building or premises to be used or occupied, in whole or in part, as a common gaming house, or place for persons to come together to play for money * * * such building or premises so used or occupied * * * may be sold to pay any judgment that may be recovered under the preceding section." (Ill. Rev. Stat. 1961, chap. 38, par. 331.) Similarly, section 3 of division VIII, which prescribed the matters to be stated in a search warrant commenced: "All such warrants * * * commanding such officer to search in the daytime the house or place where the * * * things for which he is required to search are believed to be concealed * * *." Ill. Rev. Stat. 1961, chap. 38, par. 693.

The statutory phrase here in question expresses no more than this recurrent legislative concern with other places that, like the gaming house, are resorted to for the purpose of unlawful gaming. The warrant in the present case meets the requirement of the statute, for it states that the magistrate who issued the warrant was satisfied that there was reasonable cause to believe "that gaming apparatus and implements are concealed, kept and provided to be used in unlawful gaming in the premises described herein * * *."

Finally, defendants contend that "the search and taking of articles from the basement was an unreasonable search" because the search warrant authorized only a search of the first floor of the premises. On the hearing the prosecution called the complainant as a witness and questioned him as to the circumstances surrounding the return of the warrant.

74

On cross-examination he was asked by counsel for the defendants, "Did you confine your search to the first floor of the premises?" An objection to this question, on the ground that it exceeded the scope of the direct examination, was sustained. No attempt was made thereafter to establish the truth of the factual allegation in the motion. There is thus no basis in the record for the contention advanced by the defendants.

The order quashing the search warrant is reversed, and the cause is remanded to the criminal court of Cook County for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*