The People of the State of Illinois, ex rel. City of Rockford, Illinois, etc., et al., Plaintiffs-Appellees, v. The City of Loves Park, Illinois, Defendant-Appellant.

**Gen. No. 11,755.**

Second District, First Division.

April 3, 1964.

Rehearing denied May 11, 1964.

Harold H. Pahlas, of Rockford (Raphael E. Yalden, of counsel), for appellant.

Thomas, Davis and Kostanacos, of Rockford (Charles S. Thomas and Karl C. Williams, of counsel), for Woodward Governor Co., appellee.

SMITH, J.

The City of Loves Park appeals from a decision setting aside four of five challenged annexation ordinances. Initially the appeal was to the Supreme Court but they transferred the same to us without opinion. Plaintiffs, appellees here, are the City of Rockford and the Woodward Governor Company. The record is fairly voluminous—348 pages with large fold-out plats, presumably pertinent to the five suspect ordinances challenged in the complaint. Appellant's abstract has only fifteen pages and no plats. Neither does their brief. Indeed, neither has even a legal description of the territory annexed. The ordinances involved were attached to the complaint as exhibits and are reproduced in the record and they, of course, do contain legal descriptions with plats, though they do not lend themselves to easy inspection and analysis.

Appellant's abstract handles these important exhibits in a most offhand manner. For example:

"11 Exhibit B, an ordinance annexing to the City of Loves Park with legal description set out thereon, passed December 4, 1961, approved same date, published December 14 approved by the Mayor and attested to by the Clerk.

"13 Exhibit B, sets out map including all of the territory annexed in Ordinance 353."

Their brief begins, after a short statement describing the action, with the following:

> "Judgment was entered by the trial court holding that the ordinances challenged were void except for the annexation of the Wilgus Sanitarium property, Ordinance 351 passed by City of Loves Park, Exhibit A attached to complaint (Rec. 7; Abst. 7) which ordinance was held valid."

Interestingly enough, the only abstract reference so far is to an ordinance not even involved, since it was held valid and there is no cross appeal. Continuing:

> "The defendant's theories are (1) that the ordinances passed by the City of Loves Park were passed prior to the ordinances passed by the City of Rockford, therefore should have preference, also the petition for voluntary annexation was filed several months ahead, and (2) an ordinance may be passed annexing to the center of the street even though such property is not contiguous at all points to the city where the annexation is being made."

This concludes their first section—STATEMENT.

Still in the dark, and skipping a page, we come to a section headed, THE FACTS, hoping for light. It doesn't shed much. We set it forth in its entirety:

> "On December 4, 1961, the Council of City of Loves Park passed certain annexation ordinances. The area covered by the annexations are shown by the plats attached to the complaint (Rec. 2) and marked Exhibits A, B, C, and D. On January 2, 1962 the same Council passed another annexation ordinance, a copy of which together with plat is marked Exhibit E and attached to the complaint. The last ordinance is the one complained against by defendant Woodward Governor Corporation.

"On the same night the first ordinances were passed, viz December 4, 1962, but later in point of time, Loves Park (Rec. 150; Abst. 10) and Rockford (Rec. 182; Abst. 13) passed ordinances which contained descriptions which overlapped the property annexed by the City of Loves Park. The property in dispute is set out on City of Rockford's Exhibit 1, (Rec. 99; Abst. 7) which is a plat showing the annexation challenged by City of Rockford."

In rereading the last sentence, we note that, "The property in dispute is set out on City of Rockford's Exhibit 1, (Rec. 99; Abst. 7) which is a plat showing the annexation challenged by City of Rockford." We turn to page 7 of the Abst., but we find no plat, instead only what amounts to an index reference to the Record:

"99 City of Rockford's Exhibit 1, showing annexation challenged by the City of Rockford."

The next section, ARGUMENT, has two points:

I

"The city that passes an annexation ordinance first in point of time has jurisdiction over the property in question especially where a petition has been on file."

II

"A city may annex property if it joins two portions of the city even if such annexed property is not contiguous at all points."

So far as we are concerned, these propositions are posited in thin air. We are told, however, that while

289

the same day is involved (December 4), the respective Councils of the two cities convened at different times, Loves Park at 7:28 P. M., and Rockford at 7:34 P. M. At this juncture we are referred to "(Rec. 209; Item 5 on City of Rockford Exhibit 14; Abst. 14)". A quick check of page 14 where the 209 record-pagination appears, discloses this:

"209 Rockford Exhibit 14, a journal of proceedings of December 4, 1961."

Later on under "I" there is this statement:

"As to part of the territory annexed to the City of Loves Park, a petition covering the same was filed with the aforesaid city by the owners on February 20, 1961 (Rec. 166; Abst. 11)."

This apparently is referring to "the petition for voluntary annexation filed several months ahead" mentioned in the Statement just quoted. This might be of interest so we flip to page 11 where the record-pagination "166" appears and find:

"166 Loves Park Exhibit 2, a petition to the City Council of Loves Park . . . requesting that certain property be annexed to Loves Park. This petition was received in my office on February 20, 1961. City of Rockford Exhibit 6 was received by me December 4, 1961, prior to the meeting."

What "that certain property be annexed" encompasses or what is the subject matter of Exhibit 6 is left to our imagination. By checking the index in the abstract under the heading "Exhibits", Rockford's "Exhibit No. 6" is indexed to page 9, and this is what we find—"a petition for annexation of property just referred to . . . ." The argument under "II" follows in the same vein, with the same vague refer-

ences to the abstract and with the same terse indexing to the record. This abstract is really not an *abstract* but an index!

Rockford's Brief begins, "It is impossible to determine from a reading of defendant's brief and abstract the facts of this case, the issues, or the basis of the appeal." We couldn't be more in agreement. Woodward Governor has prepared an additional abstract for us in which Rockford joins, and they continue by telling us that it "should be of some help to this Court, although the abstract, even with the facts set out in the additional abstract, does not completely reflect the record." Again, we couldn't be more in agreement. Rockford also charges that Loves Park has not complied with "Supreme Court Rule 34 in that neither in the abstract nor the additional abstract has the defendant set out the facts of the case." Rockford means Rule 38 and if so they are correct. Rockford then states, "This suit involves the validity of an ordinance passed by the City of Rockford annexing some 55 acres of land and the validity of ordinances of the City of Loves Park annexing the same territory." We don't know whether we agree with them or not. This is the first time that we have heard that the *validity* of an ordinance passed by Rockford is in question. What they probably mean is that it in some way impinges on the "ordinances challenged". Rockford also says that their ordinance,

> "here involved is substantially the same, except for the map attached, which in this case shows the west boundary of the Rockford annexation going only to the east bank of the Rock Rover (sic), as the ordinance involved in Case No. 37274, entitled The People of the State of Illinois, ex rel. Clinton Gray . . . , also pending in the November Term of this Court. This ordinance

291

involving Clinton Gray, etc., was passed several months before the ordinance here involved."

We are trying, but we are definitely not on top of things. Rockford follows with their Theory of Case, stating that,

"its ordinance should prevail because (1) it was passed before the Loves Park ordinance, and (2) more important, it was recorded before the Loves Park ordinance, and (3) most important, the land involved is almost completely surrounded by the previous corporate limits of the City of Rockford, touching upon Loves Park only at one point on the North portion."

We have a lot of questions to ask but we won't, only: What is everybody talking about?

Woodward Governor is only concerned with Ordinance No. 361, which is what "II" and "(2)" of the Loves Park Brief is all about. We discover for the first time that "This strip of one-half of a public highway is 50 feet in width and 1 mile in length". Woodward Governor, as noted, has prepared an additional abstract and both it and their brief have multi-colored plats which are extra-ordinarily helpful. They have done a very nice job and while we agree *obiter* with their exposition, they really have no issue to meet. It is Loves Park's appeal, not theirs.

 In the law of appeals there is a presumption that a judgment appealed from is correct and in accordance with the law and the facts. Appellate Courts never presume error. Loves Park, the appellant, has not in our opinion overcome this presumption of regularity by showing affirmatively in what way the judgment is erroneous. Rubinstein v. Fred A. Coleman Co., 22 Ill App2d 116, 159 NE2d 379. In legal effect, an abstract is the appellant's pleading and it should therefore be something more than a mere

index. To put it succinctly, it should in fact be an *abstract,* a condensation of the record, not an index. The very heart of this appeal lies in four ordinances involving the annexation of land. Certainly a minimal requirement would be the reproduction of the ordinances in the abstract and it would certainly be desirable to carry them into the context of the brief with explanatory text. Our Rule 6, and Supreme Court Rule 38, require an appellant to prepare a fair and adequate abstract of record. To be on the safe side, Woodward Governor felt obliged to furnish us with an additional abstract—one, incidentally, of the same length. The Chinese proverb, "A picture is worth a thousand words", is a particularly apt one in annexation and disconnection cases and we would commend this nugget to future brief writers. We stated in Galvan v. Torres, 8 Ill App2d 227, 131 NE2d 367:

> "This court should be able to rely upon the abstract of the record as prepared by counsel for appellant and upon counsel's statement and should not be required to examine the record to ascertain the facts; neither should counsel for appellee be required to furnish an additional abstract in order to correctly present the record to this court."

Since the rule relating to abstracts have the force of law, failure to comply therewith mandates affirmance. Thillens, Inc. v. Department of Financial Institutions, 24 Ill2d 110, 180 NE2d 494. As we said in Rubinstein, noted above, "The abstract should present every error relied upon for reversal, and everything necessary to decide the questions raised, in such a manner that it will not be necessary for the Court to resort to the record."

Outside of Ordinance 361, we do not have the foggiest notion as to whether the judgment below is cor-

rect or not. We will therefore indulge in the presumption and such judgment is affirmed.

Affirmed.

DOVE, P. J. and McNEAL, J., concur.