People of the State of Illinois, Appellant, v. Albert F. Zimmerman, Appellee.

**Gen. No. 49,633.**

First District, First Division.

March 15, 1965.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel), for appellant.

Frank G. Whalen, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

The State appeals from an order which sustained a motion to quash a search warrant, suppressed the evi-

dence seized thereunder and other evidence seized without warrant, and ordered the return of punchboards and office records seized in the search.

The theory of the State is that (1) there is no evidence in the record to show that probable cause for the issuance of the search warrant was gained by unlawful trespass; (2) any claim that the warrant was not issued upon a showing of probable cause has been waived; (3) a punchboard is a gambling device or piece of gaming apparatus; (4) defendant is not exempt from the gambling laws because the punchboards were manufactured for shipment in interstate commerce; and (5) the trial court erred in suppressing the evidence not seized under the search warrant.

As defendant points out, neither the abstract nor the record include the "search warrant" or "the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized . . . ," (Ill Rev Stats 1963, c 38, § 108–3), upon which the "search warrant" was issued.

At the hearing of the "motion to quash search warrant and to suppress evidence," the State, in the absence of the complaint and search warrant, stipulated that defendant's copies be used, and for the hearing of the motion caused them to be marked as defendant's exhibits 1 and 2. These exhibits are not included in the abstract or record.

 As argued by defendant, the missing documents are "the very heart of this appeal." (People ex rel. City of Rockford v. City of Loves Park, 47 Ill App2d 286, 293, 198 NE2d 133 (1964).) This court cannot assume that the trial court relied entirely on the grounds set forth in writing in defendant's motion, included in this record. There may have been other grounds to support the order on which this appeal

191

is based. The "question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which that result was reached." (People v. York, 29 Ill2d 68, 71, 193 NE2d 773 (1963).) Where the record on appeal is incomplete, the reviewing court will indulge every reasonable presumption favorable to the judgment, order or ruling appealed from. It will presume "that the court ruled or acted correctly. . . . Any doubt arising from the incompleteness of the record will be resolved against appellant." (2 ILP, Appeal and Error, c 13, § 713; People ex rel. City of Rockford v. City of Loves Park, 47 Ill App2d 286, 292, 198 NE2d 133.) Following that rule, we must affirm the order of the trial court, because we cannot reach the contentions of the State without a complete record.

In conclusion, defendant contends that he should be discharged by this court because he was not tried within four months after he answered ready for trial. This is a matter for consideration by the trial court, as we are concerned only with the subject matter of the instant appeal.

For the reasons given, the order of the trial court is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.