Board of Education of School District No. 122, Winnebago County, Illinois, Clinton Gray, et al., Plaintiffs-Appellees, v. Board of Education of School District No. 205, Winnebago County, Illinois, Defendant-Appellant, and County Board of School Trustees, Winnebago County, Illinois, Defendant.

Gen. No. 65-2.

Second District.

November 2, 1965.

Pedderson, Menzimer & Conde, of Rockford (Dale F. Conde, of counsel), for appellant.

Williams, McCarthy & Kinley, of Rockford (John R. Kinley and Elmer C. Rudy, of counsel), for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

The present case involves an administrative review of the decision of the Board of Education of School District No. 205 in Winnebago County, herein sometimes referred to as Defendant, denying the petition brought by the Board of Education of School District No. 122 in the same County, herein sometimes referred to as Plaintiff, to retain certain territory annexed to the City of Rockford.

This case arises out of a series of annexation and quo warranto suits involving the Cities of Rockford and Loves Park.

School boundaries are involved as a result of the fact that the City of Rockford has a special charter school district.

Prior to 1961, annexation to a municipality with a special charter school district constituted annexation to the special charter district and automatic disconnection from the outlying school district. In 1961, the Legislature attempted to provide a solution to the multiple school problems created by annexation to municipalities having special charter districts. Ill Rev Stats ch 122, sec 7–2.1 (1961), provides that annexation of territory to a municipality which has a special charter school district shall constitute annexation to the school district and disconnection from the outlying school district as in the past. However, an exception was provided in that the propriety of a change in school boundaries can be questioned by the filing of an original petition within sixty days after the effective date of the annexation with the State Superintendent of Public Instruction. The State Super-

198

intendent designates a hearing officer and a hearing is held. Subsequently, a transcript of the hearing is forwarded to the County Board of School Trustees and to the Board of Education of the special charter district. These boards sit separately and weigh the evidence, particularly concerning themselves with the public interest, the welfare of the districts and the desirability or need for any change in district boundaries. If either or both boards find that the annexation as to school property should be set aside and said property returned to the outlying school district, an order to that effect is binding, subject to appeal by administrative review. If both boards find that the property should be annexed to the special charter district, a joint order is binding, again subject to appeal by administrative review.

The decision in this case requires a clear understanding of the foregoing Statute. This court previously considered the Statute in the case of Horth v. Board of Education of School Dist. No. 205, Winnebago County, 42 Ill App2d 65, 191 NE2d 601 (1963), and we held that property can be returned to the outlying school district by the unilateral action of either the County Board of School Trustees or the Board of Education of the special charter district; however, if property is to be retained in the special charter school district, there must be the bilateral and combined action of both the County Board of School Trustees and the Board of Education of the special charter school district. Retention of the property requires bilateral action, whereas a return of the property requires only a unilateral decision. We adhere to our decision in Horth v. Board of Education of School Dist. No. 205, Winnebago County, supra.

In the instant case, after one false start involving annexation which was subsequently held invalid, the City of Rockford annexed the subject property. This

199

annexation was subsequently upheld except as to five lots which were held to be validly annexed to Loves Park in the case of People ex rel. Rockford v. City of Loves Park, 47 Ill App2d 286, 198 NE2d 133 (1964). Within apt time the outlying school district, that is No. 122, filed a petition under the School Code asking that the territory annexed to Rockford be returned to them. A hearing was held and transcripts filed with the County Board of School Trustees of Winnebago County and with the Board of Education of the Rockford special charter school district, all in accordance with the Statute. On April 2, 1962, the County Board of School Trustees entered an order granting the petition and restoring the property to School District No. 122. The defendant, School District No. 205, did not appeal this decision and the decision became final and binding under the provisions of Ill Rev Stats ch 110, sec 265 (1961).

The Board of Education of School District No. 205 denied plaintiff's petition to return the property to it and plaintiff appealed from that decision under the provisions of the Administrative Review Act. The trial court granted a reversal of the administrative decision of District No. 205 on Summary Judgment and that decision is before us today.

██ The decision of District No. 205 in denying the return of the property to District No. 122 is an obvious nullity since under the School Code the decision to return property to the outlying district requires only the unilateral act of either the County Board of School Trustees or the Board of Education of the special charter district. In this case, the County Board of School Trustees had already determined to return the property prior to the act of the Board of Education of the special charter district. This ended the matter and the property was thereupon returned to the outlying district. The trial judge had no alternative but to

200

reverse the decision of District No. 205, and we have no alternative but to affirm.

■ In this court the defendant cites numerous cases for the proposition that two municipal corporations cannot exercise jurisdiction over the same territory at the same time. In fact, numerous municipal corporations in Illinois exercise jurisdiction over the same territory at the same time. It is true that two cities may not have concurrent jurisdiction, but that rule does not apply to this case. Here, the School Code requires a petition to be filed within sixty days after annexation to a special charter school district. This is so regardless of the pending quo warranto actions involving the property in question brought by the plaintiff against the City of Rockford, and by the City of Rockford against the City of Loves Park for its attempted annexation. The date of annexation by the municipality is the key, irrespective of when the court may approve or disapprove the proceedings.

When an annexation becomes effective so far as city boundaries are concerned was decided in the case of Emery v. Hennessy, 331 Ill 296, 162 NE 835 (1928), wherein the court said at page 304:

> "The ordinances of the city of Joliet immediately upon the completion of the annexation proceedings became effective in district 14, (People v. Chicago Telephone Co. 220 Ill 238; People v. Cregier, 138 id. 401; Illinois Central Railroad Co. v. City of Chicago, 176 US 648;) and continued effective until December 21, 1927. The judgment of ouster in People v. City of Joliet, supra, did not adjudge that district 14 never was a part of the city of Joliet. It merely dissolved pro tanto its de facto municipal corporation. In other words, its effect was completely to extinguish and annihilate pro tanto the artificial municipal body which had

201

theretofore existed under the name of the city of Joliet, together with its rights, liberties and franchises. Or, differently stated, its effect was the immediate death of the artificial being, followed by all the consequences which the law annexes to such a death. (Dodge v. People, 113 Ill 491.) A judgment of ouster is not retroactive upon the rights acquired and liabilities incurred prior to such ouster. (22 RCL p 725.) The judgment of ouster in People v. City of Joliet, supra, merely ousted the city of Joliet from further exercising the rights and privileges of a municipal corporation over district 14. (Gulf Lines Railroad v. Golconda Northern Railway, 290 Ill 384.) From the time of the annexation proceedings until December 21, 1927, the inhabitants of district 14 were subject to all the duties and liabilities of any other inhabitants of the city of Joliet. They could be compelled by the city to pay taxes and special assessments and their property could be taken from them by eminent domain for city purposes, and as private citizens they could not be heard in court to complain thereof."

■ Insofar as school boundaries are concerned in special charter cases, we conclude that the Legislative intendment in the School Code, Ill Rev Stats ch 122, sec 7–2.1 (1961), is that annexation to a special charter district and resulting disconnection from an outlying school district is effective upon the occurrence of one of the following events: either the expiration of sixty days from and after the effective date of annexation to a municipality with a special charter school district if no petition is filed under the School Code, or if a petition is filed, then upon the expiration of thirty days after the entry of the order in the proceedings before the respective school boards, unless appeal is

taken or the order set aside or suspended, as therein provided.

Any other rule would cause substantial difficulties to the school boards involved and to the children they serve. The Legislative purpose should be and is to protect and preserve the educational welfare of the children. The immediate change of school boundaries upon annexation and the subsequent further change of them upon the unilateral action of one board for the return of the property is not conducive to the educational welfare of the children of this state. Such circumstance would create numerous problems in connection with the levy and collection of taxes. In order to carry out their statutory duties the school boards must plan. They cannot plan in an unsettled and uncertain atmosphere. To provide the stability necessary to enable school boards to carry out their statutory duties and serve the educational welfare of their children, we must rule that annexation to a municipality and to its special charter school district, dependent upon the circumstance, occurs at the times as previously set forth.

■ Had the plaintiff herein awaited the outcome of the pending quo warranto actions before filing its petition, it would have been barred by the sixty day limitation provided for under sec 7–2.1 of the School Code. In fact, the finding in the quo warranto case that the property was validly annexed to the City of Rockford is a finding that the annexation is valid ab initio. Therefore, the filing of the petition concerning school boundaries was necessary and proper when filed. The failure of the defendant School District 205 to appeal forecloses it from questioning the validity of the order of the County Board of School Trustees returning the property to the outlying school district.

The only other issue raised by the defendant in this court is that the petition filed by the plaintiff was

invalid because of a faulty legal description. We have studied the record in the case, and we find no fault with the legal description. In addition we note that the defendant, Board of Education, used the same legal description in its order denying the return of the property to the plaintiff.

A close study of the issues presented by this appeal leads us to the conclusion that the trial judge was correct and could not have reached any other decision.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.