140

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
EDWARD and WILLIAM SMITH, Appellants.

*Opinion filed June 21, 1968.*

WARD, J., took no part.

RICHARD W. VETTER and ROGER R. FROSS, both of
Chicago, appointed by the court, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and JAMES S. VELDMAN, Assistant State's Attorneys,
of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Edward Smith and William Smith, defendants, were
convicted by a jury in the circuit court of Cook County of
unlawful sale of narcotic drugs. On appeal both convictions
were affirmed by the Appellate Court. (52 Ill. App. 2d
321.) Subsequently defendants filed separate, but virtually
identical, petitions under the Post-Conviction Hearing Act.
(Ill. Rev. Stat. 1967, chap. 38, par. 122—1 through 122—

7.) On motion of the State both petitions were dismissed and defendants appealed the order of dismissal directly to this court. The causes are consolidated here.

Defendants' only argument in their original brief was that the court erred in dismissing their petitions on the ground of *res judicata.* After oral argument we granted leave to file supplemental briefs directed to the merits of the cause. Four points are made in the supplemental brief which allege violations of their constitutional rights. These are that the State knowingly used perjured testimony, that evidence favorable to defendants was suppressed by the State, that a fair trial was denied, and that total lack of evidence failed to sustain the conviction of William Smith.

The State argues that dismissal of the petition was proper for the reason that no constitutional questions within the meaning of the Post-Conviction Hearing Act were raised, that the matters raised were *res judicata,* and that the petitions contained only unsupported assertions and conclusions which were insufficient to require a hearing.

It is not clear whether the trial court dismissed the petitions solely on the basis of *res judicata* or for additional reasons. At the hearing on the motions to dismiss both the State and defense counsel discussed and argued the points raised in the petitions. The question before us is the correctness of the result reached by the trial court and not the correctness of the reasoning by which that result was reached. *People* v. *York,* 29 Ill.2d 68.

In examining the petitions and considering the arguments in support thereof, it is apparent that defendants could have raised the questions of suppression of evidence, that a fair trial was denied, and that a total lack of evidence failed to sustain the conviction of William Smith in their original appeal to the Appellate Court. The facts set forth and the alleged trial court errors argued by defendants as supporting these contentions were such that they were known to them at the time of appeal, and they are wholly

insufficient to show a substantial denial of constitutional rights.

The only contention that on its face alleges a substantial constitutional question which apparently could not have been raised on appeal is whether the State, in calling Salvatore Monte as a witness, knowingly used perjured testimony. To support this claim defendants each make the following statement in his petition: "The fact is, Mr. Monte was arrested by the Federal Bureau of Investigation just six months after Petitioners conviction and implicated in a nationwide dope ring." From this defendants reason and argue that the police knew of Monte's involvement in narcotics activities at the time of their trial and that Monte was intimidated into testifying falsely against them to avoid prosecution himself. The defendants have not made a showing of a denial of their constitutional rights. The contention that the State knowingly used perjured testimony evolves from an extremely tenuous line of reasoning. Assuming the truth of the statement in the petitions that the police learned of the witness's involvement with narcotics six months subsequent to the time he testified, that is too far removed in point of time to establish his involvement with narcotics at the earlier date. True, they now argue in the supplemental brief that the police knew the witness to be a narcotic addict while he had testified that he was a reformed narcotics addict, and that this affected his credibility. But this is neither alleged in the petition nor does the brief point out how the police had knowledge at the time of the trial other than through the investigation six months later.

In our opinion there is no substantial constitutional question presented and the judgment of the circuit court of Cook County dismissing the petitions is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.