The People of the State of Illinois, Plaintiff-Appellant, *v.* Bobby Hill *et al.,* Defendants-Appellees.

(Nos. 55071, 55072 cons.; ▮▮▮▮▮▮▮▮▮▮

First District—May 18, 1971.

Gerald W. Getty, Public Defender, of Chicago, (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel,) for appellees.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604 (Ill. Rev. Stat., 1969, ch. 110A, par. 604) from an order dismissing the delinquency petitions against respondents Bobby Hill and Lloyd Jones. On appeal the State contends that there was no basis for the trial court's dismissal of the petitions.

On January 20, 1970, the State filed verified delinquency petitions in the Juvenile Division of the Circuit Court of Cook County against both respondents. The petitions were substantially the same and alleged *inter*

*alia*: that respondents were minors; that they were delinquents; and that it was in their best interests to have them adjudged wards of the court. Both petitions alleged that they were delinquents by reason of the following:

"On 1-7-70 Carried and concealed an unregistered weapon on his person a 38 cal. centre revolver # 2484, the event occured [sic] at 13646 Claire Blvd. in the Village of Robbins County of Cook."

A detention hearing on the above petitions was held the same day. Initially, defense counsel presented preliminary matter which consisted of the testimony of respondent Jones and Mrs. Harriet Hill, mother of respondent Hill.

Jones testified that he was taken into custody on January 17, 1970; that he was released in the custody of his father the same evening; and that pursuant to police instructions he returned on January 20, 1970, whereupon he was placed under detention.

Mrs. Hill testified that her son had been taken into custody on January 17, 1970, and released in her custody the same evening; that pursuant to police instruction she returned with her son on January 19, 1970; and that she was again told that she could take her son home. She further testified that she was notified to send her son back to the station the same evening to see the Chief of Police; that she was told her son would return shortly; and that after her son failed to return, she went to the station and discovered that he was placed under detention.

At this time the State moved to amend both verified petitions to include the following:

"[i]n violation of 24-3.1(a)(1) in that he was under 18, and said weapon was concealable."

The State also moved to further amend the verified petition against respondent Jones to delete "38 cal. centre revolver # 2484" and insert in its place, "Stevens Model 94DE Sawed-off Shotgun." The court granted the motions to amend.

Defense counsel then related that he desired to enter a motion to suppress the evidence whereupon the court continued the cause on its own motion. On February 9, 1970, the cause again came on for hearing. Instead of proceeding on the motion to suppress the evidence, defense counsel related to the court the testimony of Jones and Mrs. Hill of January 20, 1970.

In response the State called Melvin Jessup, Juvenile Officer, who testified that he saw the respondents on January 19, 1970; that the Chief of Police told him to refer Jones to the Juvenile Court; and that after Hill returned the same evening, the Chief of Police also advised him to similarly refer Hill to the Juvenile Court.

On cross-examination Jessup testified that the question of whether a minor will be eligible for station adjustment or referred to the Juvenile Court is dependent upon the minor's record and the gravity of the offense; that he, as Juvenile Officer, exercises his discretion in deciding whether to refer the minor to the Juvenile Court; and that in this case he acted upon the direction of his superior, the Chief of Police, who knew more of the circumstances in the case than he did. He further testified that in cases such as this where the minor is taken into custody on a weekend and the officers believe he will remain at home, he will be released in the custody of his parents pending further action.

After hearing the above testimony, the court, on its own motion, dismissed the petitions against Hill and Jones with prejudice. The State appeals and contends that the trial court erred in dismissing the petitions.

*OPINION*

The State contends that there was no basis in fact or law for dismissal of the petitions. However, respondents maintain that the police procedures followed in instant cases were repugnant to the provisions of the Juvenile Court Act (Ill. Rev. Stat. (1969), ch. 37, pars. 701—708) and that therefore, the trial court properly dismissed the petitions. Additionally, they maintain that there were other sufficient grounds for dismissal of the petitions in that, (1) the State failed to show probable cause, (2) the petitions as amended were never reverified, and (3) the charge was defective for duplicity.

■■ The Juvenile Act provides that when a minor is taken into custody he shall be taken to the nearest juvenile police officer (par. 3—2) and thereafter, if not released to the court's probation officer for investigation of the circumstances surrounding his being taken into custody (par. 3—4). If the probation officer deems further detention necessary for the minor's or another's protection, the minor must be brought before a judicial officer within 36 hours for a hearing to determine probable cause (par. 3—5 and par. 3—6). If probable cause is found, an adjudicatory hearing on the delinquency petition is ultimately held (par. 4—6).

Par. 1—2(1) of the Act provides:

> "(1) The purpose of this Act is to secure for each minor subject thereto such care and guidance, preferably in his own home, as will serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community, to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety or the protection of the public cannot be safely guarded without removal; * * *.
>
>    *   *   *

(3) This Act shall be liberally construed to carry out the foregoing purpose and policy."

In light of the specific provisions and pronounced purpose of the Act, we find no prejudice accruing to the rights of either Hill or Jones in being allowed to return home in the custody of their parents nor do we find from the record that the police procedures were repugnant to the Act. The mere fact that the minors were temporarily released in the custody of their parents upon the condition they return the following Monday, does not establish a violation of the procedural safeguards in the Act. Respondents were brought before a juvenile officer before being placed in detention. They were subsequently brought before a judicial officer within 36 hours from that time. In view of this, we find that the trial court improperly relied on the police procedures as a ground for dismissal of the petition.

However, the question before this court is the correctness of the order and not the reasoning upon which it is based. Therefore, if the trial court's action was properly based upon an independent ground, we will affirm. *People v. York,* 29 Ill.2d 68.

Respondents allege three independent grounds for affirmance of the order dismissing the petition. They initially contend that the State failed to show probable cause at the detention hearing.

We find no merit in this contention. The record reveals that the hearing had not progressed to the evidentiary stage. The State's only witness Jessup was merely presented in rebuttal to the preliminary matter offered by defense counsel. Therefore, the State was never provided the opportunity to present its evidence to show probable cause.

■■ Respondents next two contentions concern the propriety of the petitions. Respondents note that the State's amendments to the petition were never verified and that therefore, the action of the trial court in dismissing the petition was proper. In any event, respondents contend that the petitions as amended were duplicitous and therefore, fatally defective.

Par. 4—1(2) of the Juvenile Court Act, *supra,* requires verification of petitions with respect to minors. Respondents cite *People v. Moore,* 21 Ill.App.2d 9 which holds that where a material amendment is made to a verified complaint, the complaint as amended must be reverified.

■■ Respondents maintain that the amendments were material in that they contained the essential elements of the crime charged. We agree. Before amendment, the paragraphs of the petitions charging the respondents omitted two essential elements of the crime; (1) that they were under 18 years of age, and (2) that the firearms were of a size which may be concealed upon their persons. Therefore, the amendments

were essential and material and the petitions as amended should have been reverified.

Moreover, we agree with respondents that the petitions as amended were duplicitous in that they not only charged a crime under Ill. Rev. Stat. 1969, ch. 38, par. 24—3.1(a)(1) (Unlawful Possession of Firearms and Firearm Ammunition) but also charged a crime under Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4) (Unlawful Use of Weapons) within the same count.

Therefore, since there existed independent grounds for dismissing the petitions, the judgment is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and McCORMICK, J., concur.