THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ODESSIA PROFIT, a/k/a Angela Davis, Defendant-Appellee.

Fourth District   Nos. 13083, 13084 cons.

Opinion filed May 6, 1976.

James R. Burgess, Jr., State's Attorney, of Urbana (Thomas J. Difanis and Robert James Steigmann, Assistant State's Attorneys, and Tim Nieman, Law Student, of counsel), for the People.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was indicted for theft, the charge being that she asserted unauthorized control over a sweater, a jacket and some slacks at a retail department store, and for escape. She had previously been charged with another theft and had been tried and convicted of that charge. She filed a petition for probation in the earlier proceeding and it is alleged that the prosecution "elected to present evidence relating to the crimes" presently pending in connection with the probation petition hearing. Probation was denied and the defendant was sentenced to a term of imprisonment of 360 days.

After the sentence was imposed, the defendant filed a motion in the case relating to the pending charges, upon which the prosecution "elected to present evidence" and in her motion alleged "that in effect the defendant had been tried for said crimes and that the court by accepting the evidence at said probation hearing had already considered the evidence and sentenced this defendant taking in [*sic*] consideration her alleged activities in the entitled matter." The motion sought dismissal upon the basis of jeopardy. After a hearing on the motion, the trial court dismissed the pending charges. This appeal is by the State from the orders of dismissal and the cases have been consolidated.

■■ While pending charges or prior arrests not resulting in conviction may not be considered in aggravation at the time of the hearing in aggravation and mitigation, such information may be considered upon the issue of probation. (*People v. Moore*, 133 Ill. App. 2d 827, 272 N.E.2d 270; *People v. Taylor*, 13 Ill. App. 3d 974, 301 N.E.2d 319.) Such consideration does not amount to jeopardy.

■■ We have before us only that which is known as a common law record. The order of the trial court dismissing the two charges recites that the court heard argument and granted the motion. In *People v. Zimmerman*, 57 Ill. App. 2d 190, 206 N.E.2d 741, the court said:

> "This court cannot assume that the trial court relied entirely on the grounds set forth in writing in defendant's motion, included in this record. There may have been other grounds to support the order on which this appeal is based. The 'question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which that result was reached.' [Citation.] Where the record on appeal is incomplete, the reviewing court will indulge every reasonable presumption favorable to the judgment, order or ruling appealed from. It will presume 'that the court ruled or acted correctly. * * * Any doubt arising from the incompleteness of the record will be resolved against appellant.' [Citations.]" (57 Ill. App. 2d 190, 191-192, 206 N.E.2d 741, 742.)

See also *People v. York*, 29 Ill. 2d 68, 193 N.E.2d 773.

The record before us does not establish nor does it negate the possibility that the evidence relative to the pending charges was presented to the court upon the hearing of the petition for probation and upon denial of probation was considered upon the issue of sentence. See *People v. Eldredge*, 41 Ill. 2d 520, 244 N.E.2d 151, and *People v. Schleyhahn*, 4 Ill. App. 3d 591, 281 N.E.2d 409.

■■■ This court, in the language of the *Zimmerman* opinion, cannot assume that the trial court relied entirely upon the grounds set forth in the written motion as the sole basis for its order. The action of the trial court may well be predicated upon the theory that an enhanced penalty was imposed upon a consideration that the subsequent charges were pending and undisposed of and that the enhanced penalty would in effect "wipe the slate clean" as in *Schleyhahn*, or amount to a "closing of the books" as in *Eldredge*. The order of dismissal would be proper and sustainable under such circumstances—admittedly only a possibility. We do know from the motion that was filed that the prosecution evidently elected to introduce the evidence relative to pending charges, and we do know by taking judicial notice of the records of the parole board that the sentence imposed was a near maximum sentence for the theft charge of which the defendant stood convicted. It is clearly ascertainable that the theft charge that was dismissed was at most shoplifting. We engage every reasonable presumption favorable to the judgment below and since the record before us does not negate the stated possibility, the action of the trial court in its dismissal of the charges must be and the same is affirmed.

Judgments affirmed.

TRAPP, P. J., and SIMKINS, J., concur.