THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LESTER LE BLANC, Defendant-Appellee.

Third District    No. 75-308

Opinion filed August 31, 1976.

Martin Rudman, State's Attorney, of Joliet (Alan Bruggeman, Assistant State's Attorney, of counsel), for the People.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The State appeals from an order dismissing a criminal information which charged defendant Lester Le Blanc with theft. The issue before us involves the chronology of defendant's appearances before the Circuit Court of Will County. In February, 1974, defendant, then 16 years of age, appeared in a juvenile proceeding and was found in need of supervision and placed under court supervision for a term of one year with the cause being continued to March 13, 1975.

On July 5, 1974, a criminal complaint was filed charging Lester Le Blanc, then 17 years of age, with the offense of burglary of the housetrailer of Glen Bell, in which several weapons were taken. On July 18, 1974, this charge was reduced to a misdemeanor theft by filing a criminal information.

On January 27, 1975, the juvenile probation officer assigned to Lester Le Blanc prepared an order of restitution, and the juvenile court ordered defendant to make restitution in the amount of $127.30 to Glen Bell which

covered the items taken on or about June 30, 1974, the offense charged on July 5, 1974.

On June 4, 1975, a hearing was held on the defendant's motion to dismiss the pending criminal information of the theft of Glen Bell's property. The motion sought dismissal upon the basis of double jeopardy. After a hearing on the motion, the trial court dismissed the pending charge.

Although the State now claims the court vacated the order of restitution in the juvenile proceedings on June 23, 1975, only the State's statement of facts, and not the court record, supports such a claim.

The inadequacy of the record provided by the State in this case makes it almost impossible to consider the merits of the State's position. We have before us only what is known as a common law record. Here, the State seeks review of an order dismissing an information. The record filed by the State, however, contains neither a report of proceedings nor a substitute provided by Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)). It is contended by the State that the order of the trial court, dismissing the theft charge upon the basis of double jeopardy, erroneously found that a juvenile prosecution against the defendant involved the same factual allegations as in the criminal case. The order of the trial court dismissing the charge recites that the court "finds that in the juvenile proceedings restitution was ordered on the same matters in this cause * * * Motion allowed."

In *People v. Zimmerman* (1st Dist. 1965), 57 Ill. App. 2d 190, 191, 206 N.E.2d 741, 742, the court said:

> "This court cannot assume that the trial court relied entirely on the grounds set forth in writing in defendant's motion, included in this record. There may have been other grounds to support the order on which this appeal is based. The 'question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which the result was reached.' [Citation.] Where the record on appeal is incomplete, the reviewing court will indulge every reasonable presumption favorable to the judgment, order or ruling appealed from. It will presume 'that the court ruled or acted correctly * * *. Any doubt arising from the incompleteness of the record will be resolved against appellant.' "

See also *People v. York*, 29 Ill. 2d 68, 193 N.E.2d 773; *People v. Profit*, 37 Ill. App. 3d 918, 347 N.E.2d 67.

The State contends that jeopardy occurs only at the adjudication stage of a juvenile proceeding. We agree, but the record in this case is so incomplete we cannot assume that the juvenile court acted without an adjudication in ordering restitution. The absence of a suitable record precludes review of this issue, as we engage every reasonable

presumption favorable to the judgment below, and since the record before us does not indicate what was done in the juvenile hearing, the action of the trial court in its dismissal of the charges must be and the same is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.