THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TIMOTHY A. BRANDOW, Defendant-Appellee.

Second District   No. 2—89—1061

Opinion filed May 10, 1991.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Timothy A. Brandow, was arrested on October 21, 1988, and charged by complaint and citation with misdemeanor driving while license revoked (Misdemeanor DWLR) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)), case No. 88—TR—10803, and speeding (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601), case No. 88—TR—10804. Because the defendant had a previous conviction of DWLR, the State on July 5, 1989, elected to further charge the defendant by complaint with felony driving while license revoked (Felony DWLR) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(d)), premised on the same incidents supporting the October 21, 1988, charges. After a finding of probable cause by the trial court, defendant entered a plea of not guilty to an information charging the Felony DWLR, case No. 89—CF—170. On August 21, 1989, when the Felony DWLR appeared on the trial calendar, the court on its own

motion dismissed cases Nos. 89—CF—170, 88—TR—10803, and 88—TR—10804, on the ground of double jeopardy. The court believed jeopardy had attached when it considered the cases as factors in aggravation during a prior sentencing hearing.

The State filed a timely written motion with the trial court requesting that it reconsider its ruling dismissing the three cases. The motion to reconsider was denied on October 5, 1989. The State now appeals, contending the trial court erred in dismissing the cases on the ground of double jeopardy.

For purposes of our jurisdiction to consider the State's appeal, it should be noted that immediately following the trial court's oral pronouncements of August 21, 1989, dismissing the cases, the prosecutor asked the court if he could make an oral motion for reconsideration at that time. The trial judge did not rule on this request or otherwise indicate he was ruling on a motion to reconsider. Defense counsel then filed a written motion for reconsideration on August 23, 1989. Based on the record, we consider the State's written motion to be its initial motion to reconsider the court's ruling.

Although the defendant has failed to file a brief in the case before us, we will consider the appeal under the guidelines set out in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The following excerpts from the record will establish the backdrop for the State's appeal. When case No. 89—CF—170 was called for trial on August 21, 1989, the record indicates the following:

"MR. WILSON [Defense attorney]: I have a motion to dismiss for selective and/or discriminatory prosecution by the State. ***
***

THE COURT: *** All right, I wish, on my own motion, to dismiss 89—CF—170 on the basis *** that [in] the prior driving while license revoked and driving under the influence case which I heard, this case was presented in aggravation and mitigation. I took it into consideration in aggravation in the sentence that I imposed. At the time it was presented by the State, there was no indication or statement on the record that this case was being presented for the limited purpose as to whether or not I should grant probation but was presented in aggravation as to sentencing; and because of that, jeopardy has arisen in the case. Punishment has already been imposed as far as this case is concerned, and I feel it's my obligation to protect the rights of the Defendant. This is something that basically is known only to me as to whether I considered this case in sentencing."

Following additional comments by the court and respective counsel, the record shows the trial court dismissed case Nos. 88–TR–10803 and 88–TR–10804 on double jeopardy grounds for the same reasons as the court's previous dismissal of case No. 89–CF–170.

The record further reflects the following statements by the prosecutor in court:

> "MR. McCASKEY [Assistant State's Attorney]: Judge, if I may, even if the Court's ruling was that a Class A misdemeanor was considered in aggravation in sentencing, 88–TR–12131 through 33, the Court can't say that it considered a speeding case in aggravation in the same case.
>
> THE COURT: You also presented it because you presented a background as to the stop.
>
> MR. McCASKEY: We presented evidence of the speeding for the stop. We proved up the driving while license revoked offenses as a factor in aggravation. There was no showing of the speeding as a factor in aggravation, Judge."

In dismissing the various charges, the trial judge stated he relied on the case of *People v. Profit* (1976), 37 Ill. App. 3d 918. The State argues *Profit* does not support the court's ruling. We agree. In *Profit*, defendant alleged in a motion to dismiss pending criminal charges that the prosecutor's decision to present evidence relating to those pending charges at a prior unrelated probation petition hearing constituted double jeopardy as to the pending charges. The trial court dismissed the pending charges without indicating any reasons therefore. In affirming the trial court's dismissal, the appellate court pointed out that the common-law record was incomplete as to the grounds which may have supported the trial court's ruling and, therefore, any doubt arising from the incompleteness of the record would be resolved against the State-appellant. The *Profit* court did not rule on the specific issue of whether consideration of the pending charges at both the prior probation petition hearing and the subsequent prosecution constituted double jeopardy.

■ The fifth amendment's guaranty against double jeopardy prohibits multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.) The State maintains that the defendant would not be twice punished if prosecuted and sentenced on the charges which the trial court dismissed.

■ In *Sekou v. Blackburn* (5th Cir. 1986), 796 F.2d 108, the defendant argued that he was punished twice for the same offense in violation of the double jeopardy clause when he was sentenced for felony murder, because the murder had been considered as an aggravating circumstance during his sentencing on an earlier conviction of armed robbery.

The court ruled that consideration of other criminal activity at sentencing does not implicate the double jeopardy clause because the defendant is not actually being punished for the crime considered. Rather, the other crimes aggravate his guilt and justify heavier punishment for the specific crime of which the defendant has been convicted. *Sekou*, 796 F.2d at 112.

Similarly, in *People v. Bankhead* (1984), 123 Ill. App. 3d 137, during a sentencing hearing on theft charges, the trial court considered evidence of defendant's conduct in unrelated pending burglary charges. When later convicted of those burglary charges, defendant claimed such conviction violated his fifth amendment rights against double jeopardy. Defendant asserted he was previously punished when evidence of the burglary charges was introduced during the theft case, and the sentencing judge noted that evidence concerning the defendant's "subsequent criminal acts" (the burglary) was the only reason for imposition of a term of 90 days' periodic imprisonment as a condition of probation. The appellate court ruled that the defendant was punished for the offense with which he was charged (theft) and that consideration of other offenses (burglary) in determining the punishment did not amount to punishing the defendant for the burglary offense, regardless of whether evidence of the burglary was the "sole" reason for aggravating his sentence or only one of several reasons for doing so.

Admission of criminal charges at sentencing is no more a double jeopardy violation than admission of criminal convictions. *People v. Sanchez* (1986), 115 Ill. 2d 238, 277.

■■■ In the case before us, the record is clear that the trial judge considered testimonial evidence of the circumstances relating to the pending DWLR and speeding cases as factors in aggravation for purposes of imposing sentence in unrelated cases. We adopt the reasoning set forth in *Sekou* and *Bankhead* and find that the trial court's consideration of, and reliance on, evidence relating to the factual circumstances of pending charges as aggravating factors in imposing a sentence did not constitute a violation of defendant's fifth amendment rights against double jeopardy.

We reverse the order of the trial court dismissing case Nos. 89—CF—170, 88—TR—10803, and 88—TR—10804, and remand for further proceedings.

Reversed and remanded for further proceedings.

McLAREN and GEIGER, JJ., concur.