(No. 19891.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE GUSTON *et al.* Plaintiffs in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 12, 1930.*

NORTH, LINSCOTT, GIBBONEY, NORTH & DIXON, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, ROY D. JOHNSON, and ALFRED B. LOUISON, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were convicted in the county court of Winnebago county on the charge of unlawful operation of a still. They were sentenced each to a term of six months at the State farm at Vandalia. The judgment has been affirmed by the Appellate Court and comes here on writ of error.

The only question raised is as to the reception of testimony of the sheriff and his deputies concerning the taking of certain property and concerning the arrest of plaintiffs in error on a search warrant. Before the beginning of the trial a motion was made to impound the property described in the return to the search warrant and to deny the State the right to put said articles in evidence or to introduce the testimony of the officers concerning the seizure of such articles. This motion was denied. The officers testified concerning the property seized, but it was not offered in evidence. It is not contended that the search warrant was not in proper form, or that it was improvidently issued, or that the service of the same and the search made thereunder were illegal. The sole ground of the motion was that the sheriff and his deputies, when they returned the search warrant, instead of delivering the property to and bringing the plaintiffs in error before the justice of the peace at his office, delivered the property at the back of the court house and caused plaintiffs in error to appear before the justice of the peace in the court house, and that no hearing was had on the search warrant, as is contemplated by law. It is not contended that such a hearing was asked and refused.

The search warrant was served on plaintiffs in error on a farm known as the Amiel Gritzbaugh farm, located about twenty miles northwest of Rockford. The house was not occupied save by plaintiffs in error, who were operating the still. The officers serving the search warrant seized twenty-three five-gallon cans of alcohol and several large truckloads of distilling apparatus, including two large wooden

vats of 1000 gallons capacity each, gasoline engines, pumps, piping, copper boilers, copper cookers, coke furnaces, bags of coke, and various instrumentalities which indicated the manufacture of alcohol on a large scale. The sheriff also testified there were a number of concrete vats in the basement which extended from the floor of the basement to the floor of the house; that these were filled with mash; that he did not attempt to bring them in, as he could not, but put kerosene into the mash and left them; that he had no idea how many gallons of mash were being fermented there. Plaintiffs in error did not testify. The search warrant was served on the night of January 3, 1929. On the next day the plaintiffs in error were taken before the justice of the peace issuing the search warrant. They appeared before him in the court house, back of which were placed the articles seized. The justice of the peace viewed the property there but held no hearing, and plaintiffs in error were immediately taken to the county court room to answer to the information herein, which had been filed on that day. They gave bond in the county court and were released pending trial.

The only question in this case is whether the trial court erred in refusing to impound the articles taken and in permitting the officers to testify concerning the raid. It is earnestly argued by plaintiffs in error that because they and the property were not taken before the justice of the peace at his office, as directed by the search warrant, and a hearing had concerning the ownership and disposition of the property, it was error to deny the motion to impound the property and for a ruling that the officers could not testify. It is conceded, as it must be, that in the issuance and service of a search warrant the officer acting under the same must comply strictly with the statute, and in this case it cannot be doubted that plaintiffs in error were entitled to a hearing before the justice of the peace concerning their rights. It does not appear that the justice of the peace made any

order concerning the disposition of the property. These facts, however, do not in this case render incompetent the testimony of the officers concerning the service of the search warrant and what they found at the time and place of its service. The information they gathered concerning the operation of this still was gathered under a legal search warrant properly issued and served, and though it be conceded that the property and the plaintiffs in error were not properly returned to the justice of the peace at his office and a hearing had to determine the right to hold the property, these facts do not render the search warrant void but had to do only with proceedings which should have followed the arrest of plaintiffs in error and seizure of the property.

Counsel for plaintiffs in error cite as supporting their contention that this search warrant was void and all proceedings thereunder likewise void, the case of *White* v. *Wagar,* 185 Ill. 195. That case is not in point here, for there the warrant was void in that it directed the seizure and return of the property but did not direct the arrest and return of the party named as possessing such property. The purpose in bringing in the one in possession of the property is to give him a notice and opportunity to be heard pertaining to his right to possession of the property seized and its ultimate disposition under the search warrant. A search warrant, however, is not for the purpose of trying the rights of property. (*People* v. *Lavendowski,* 329 Ill. 223.) While it was the duty of the sheriff in this case to take the accused before the justice of the peace at his office, as required by the search warrant, together with the property, yet failure so to do does not render the search warrant void, and therefore the court properly refused to impound the articles seized or to rule the officers' testimony concerning it incompetent. The guilt of plaintiffs in error was abundantly established.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*