**People of the State of Illinois, Plaintiff in Error, v. Joseph Aiuppa, et al., Defendants in Error.**

**Gen. No. 49,378.**

First District, Second Division.
April 10, 1964.
Rehearing denied May 19, 1964.

Daniel P. Ward, State's Attorney, of Chicago (Marvin E. Aspen, Assistant State's Attorney, of counsel), for plaintiff in error.

George M. Crane and Myer H. Gladstone, both of Chicago, for defendants in error.

MR. JUSTICE FRIEND delivered the opinion of the court:

This is an appeal from an interlocutory order of the Criminal Court, quashing a search warrant. The defendants were indicted for keeping a gaming place and related charges. After the case was assigned for trial, defendants moved to quash the search warrant used by the police and to suppress the evidence gained by means of it. That part of the search warrant to which defendants object, reads as follows:

> "Whereas, *David Smiley* this day appeared in person and made complaint in writing on oath, subscribed and sworn to before the undersigned, Judge John S. Boyle and in said complaint it is stated that on or about the 1st day of November, A. D., 1962 in Chicago in said County and State, he, the said *David Smiley,* has reasonable grounds to believe that gaming apparatus and implements are concealed, kept and provided to be used in unlawful gaming in a street level room of the Towne Hotel, 4827 West Cermak Road, Cicero, Illinois said room located west of the entrance of said Towne Hotel and east of the Turf Club at 4833 West Cermak Road and immediately in front of the rear passageway connecting said Towne Hotel and said Turf Club, and that the said *Duane Seavey* has reasonable grounds to believe that the above-described room is resorted to for the purpose of unlawful gaming." (Emphasis added.)

Defendants' motion to quash and suppress states:

"Complaint is made that the search warrant is not in the terms of the statute providing for said search warrant on the grounds that it recites that a stranger to said search warrant, one 'Duane Seavey has reasonable grounds to believe that the above described room is resorted to for the purpose of unlawful gaming.' This search warrant is contrary to law."

Defendants' motion is grounded on the fact that in the complaint for the search warrant and in the search warrant, David Smiley is the complainant, except in the last phrase of the first paragraph of the search warrant. In that phrase, a stranger's name appears, to wit: Duane Seavey.

Duane Seavey is a special agent for the office of the State's Attorney of Cook County. Because Seavey was known as Duane Seavey in certain gambling places he was afraid of personal retaliation should he be exposed as an informer for the State's Attorney. Both the complaint for search warrant and the warrant were then given to a stenographer with instructions to change the name of Duane Seavey to David Smiley in the appropriate places on the instruments. Seavey also uses the name of Smiley, but was not known as Smiley in the gambling places. "Duane Seavey" was changed to "David Smiley" on all places in the complaint and warrant except in the last phrase of the first paragraph of the warrant. The Supreme Court in transferring the case here for disposition said in its opinion that this was obviously a clerical error. The People at the hearing on defendants' motion offered to prove through the testimony of State's Attorney's police officer Michael Berry that (1) Berry was personally acquainted with Duane Seavey and David Smiley and (2) that Seavey and Smiley are one and the same person. The trial court refused to permit this testimony and allowed the defendants' mo-

■■■■■■

tion to quash the search warrant and to suppress the evidence. The People sued out this interlocutory writ of error pursuant to section 747, chap 38 (1961, Ill Rev Stats).

■■ As ground for reversal the People urge (1) that the trial court erroneously refused to allow the People to offer testimony to the effect that David Smiley and Duane Seavey are one and the same person, and (2) that the phrase in the search warrant in which Duane Seavey's name appears is surplusage and may be disregarded.

Section 692, chap 38 of the Criminal Code (1961, Ill Rev Stats), sets forth reasons for which search warrants may be issued. This section provides, in part:

> "Any such judge or justice of the peace may, on like complaint made on oath, issue search warrants, when satisfied that there is reasonable cause, in the following cases, to wit:
>
> . . . . . .
>
> "4. To search for and seize gaming apparatus, or implements used, or kept and provided to be used in unlawful gaming, in any gaming house, or in any building, apartment, or place resorted to for the purpose of unlawful gaming."

The recent decision in The People v. York, 29 Ill 2d 68, 193 NE2d 773 (1963), construed this section. The defendants in that case took the position that the warrant was void because the requirements of a substantial part of the statute was omitted, in that the warrant failed to state that the building, apartment, or place was resorted to for the purpose of unlawful gaming. In the case at bar, the defendants make the same argument; they state that if the phrase with Duane's name is disregarded and treated as surplusage as requested by the People, then the warrant is void because a substantial part of the statute is

98

omitted. The Supreme Court said with respect to the last phrase of subsection 4 of sec 692, at page 73 of 29 Ill2d:

> "The statutory phrase here in question expresses no more than this recurrent legislative concern with other places that, like the gaming house, are resorted to for the purpose of unlawful gaming. The warrant in the present case meets the requirement of the statute, for its states that the magistrate who issued the warrant was satisfied that there was reasonable cause to believe 'that gaming apparatus and implements are concealed, kept and provided to be used in unlawful gaming in premises described herein . . . .' "

In so ruling, the court cast serious doubt on the validity of Early v. People, 117 Ill App 608 (1905)—the case on which the defendants in the case at bar rely so heavily.

Subsection 4 of sec 692, chap 38 (1961, Ill Rev Stats), authorizes searches for three classes of items:

(1) Gaming apparatus;

(2) Implements used or kept and provided to be used in unlawful gaming in any gaming house; or,

(3) Implements used or kept and provided to be used in unlawful gaming in any building, apartment or place resorted to for the purpose of unlawful gaming.

Each class is a separate ground for the issuance of a search warrant, and the failure to list one ground does not prevent one of the other grounds from being a sufficient basis on which to issue a warrant. Therefore, the last phrase of the first paragraph may be disregarded and treated as surplusage; the remainder of the warrant is sufficient. We are fully in accord

with the principle enunciated in People v. Watson, 26 Ill2d 203, 186 NE2d 326 (1962), that search warrants should not be quashed for hypertechnical reasons.

Having decided as we do, there is no need to consider the People's other ground for reversal. The judgment of the Criminal Court quashing the search warrant and suppressing the evidence is reversed and the cause remanded with directions to reinstate the indictment, defendants to plead thereto and for further proceedings.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.