(No. 42745.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT MELVIN SMITH, *et al.*, Appellants.

*Opinion filed January 14, 1972.—Rehearing denied March 28, 1972.*

ORWIN H. PUGH, Public Defender, of Murphysboro, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and RICHARD E. RICHMAN, State's Attorney, of Murphysboro, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, Robert Melvin Smith, a/k/a Edward Sarver, and Ralph Ray Sigman, a/k/a Ernest C. Bailey, were convicted by a jury in the circuit court of Jackson County of the offense of armed robbery and sentenced to not less than 25 nor more than 35 years in the penitentiary.

The record shows that between 4:00 and 5:00 A.M. on March 18, 1968, two armed men wearing stocking masks over their faces held up and robbed the two night employees of the Holiday Inn in Carbondale in Jackson County. Taken in the robbery were approximately $3,000 in currency and checks belonging to the Holiday Inn, and some personal property, including a radio and camera, which were the property of several of the Holiday Inn's employees. The two employees were tied up with tape, but within a few minutes after the robbers left the motel, one of them was able to free himself sufficiently to telephone the police. The police arrived shortly thereafter and immediately alerted police agencies in the surrounding area. A short time later Marion (Williamson County) police officers who had stationed themselves at the intersection of Routes 13 and 148 south of Herrin, in Williamson County, observed an automobile coming from the direction of Carbondale. The automobile was described as a 1968 light colored Plymouth bearing California license plates. The Marion police followed the Plymouth toward Herrin, notified the Herrin police by radio, and there followed a lengthy, high-speed chase through Herrin and beyond, which ended with the Plymouth in a ditch near a barbed-wire fence. The Plymouth was the only nonpolice vehicle observed in the area, and it was in continuous view of the pursuing officers. When the police reached the Plymouth it had been abandoned. The two defendants were found in a field one-quarter to one-half mile away

from the automobile. One of the defendants had torn his trousers and a swatch of clothing matching the tear was found on the fence near the abandoned Plymouth.

Although the Plymouth was not searched immediately, when the officers looked into the interior of the car they saw a bag of money which was later identified as having been taken in the robbery. The automobile was taken to a garage in Christopher (Franklin County) where it was locked pending the arrival of an investigator from the State Crime Laboratory. The subsequent search of the vehicle, conducted approximately six hours later, revealed the presence of cash and checks identified as those taken from the Holiday Inn and the personal property of the two employees.

Defendants contend that the trial court erred in denying their motion to suppress the articles seized in the search of the automobile. They argue that the articles taken from the automobile at the place where it was found should be suppressed because the search conducted there was made without a warrant, that their arrests were unlawful in that they were made without reasonable grounds and without warrants, and the warrantless search therefore was not incidental to a valid arrest. The record shows that the articles taken from the wrecked car were in plain view of the officers as they approached the vehicle, and assuming they were not, there were reasonable grounds for the arrest and equally apparent probable cause for searching the vehicle for the proceeds of the robbery, had the search been made at that time. The contention is wholly without merit.

Although, in our opinion, it would have been preferable to obtain a search warrant prior to making the search of the automobile at Christopher (see dissenting opinion of Mr. Justice Harlan in *Chambers v. Maroney, 399 U.S. 42, 55, 26 L.Ed.2d 419, 430, 90 S.Ct. 1975, 1983*), under the holding of *Chambers* and our opinions in *People v.*

*Canaday, 49 Ill.2d 416,* and *People v. Hanna, 42 Ill.2d 323,* the trial court did not err in admitting into evidence the articles taken from the automobile in the search made at Christopher.

Defendants contend next that they were deprived of due process of law because they were not furnished with an inventory of the articles seized as the result of the search of the vehicle as required by section 108—2 of the Code of Criminal Procedure (Ill.Rev.Stat. 1969, ch. 38, par. 100—1 *et seq.*) and no return was made, or order entered, as provided in sections 108—10 and 108—11 respectively of the Code. What we said in *People v. Canaday* is here apposite: "No actual prejudice because of this is claimed. We have held that where there was no return of a search warrant, such failure to comply with the statute's requirement did not invalidate the search warrant. *(People v. York, 29 Ill.2d 68, 71.)* Analogizing, a failure to comply after a warrantless search with a statutory direction to furnish an inventory of the seized materials will not in the absence of prejudice invalidate an otherwise proper search and seizure. The Criminal Code pertinently provides that 'No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused.' Ill.Rev.Stat. 1969, ch. 38, par. 108—14." 49 Ill.2d 416, 422.

Defendants contend next that they were denied due process of law because "two significant hearings" were conducted during defendant Smith's absence from Jackson County. His absence was occasioned by his being incarcerated in Cook County awaiting trial on another charge. The record shows that the first hearing involved defendants' motion to reduce bail, that no evidence was heard and the proceeding consisted almost entirely of defendant Sigman's argument that the bail set for defendants was excessive. The second hearing was devoted to the court's reviewing for Sigman the many delays caused by defendants and the court's statement that defendant Smith was

being returned from Cook County, that the case would be set in the near future and would proceed without further delay.

Defendants contend next that they were denied effective representation of counsel. The record shows that defendants employed counsel of their own choosing who later sought and was granted leave to withdraw. The record is replete with examples of their refusal to cooperate with appointed counsel, and their insistence on presenting *pro se* motions. The transcript contains a lengthy colloquy during which they insisted that they, and not appointed counsel would cross-examine certain of the witnesses. The evidence of guilt is overwhelming and appointed counsel performed his professional services under adverse circumstances for difficult and uncooperative clients. The record shows that he obtained a ruling suppressing articles seized during a search of a trailer made under authority of a search warrant. We have examined the record and find defendants' contentions of ineffective assistance of counsel to be wholly without merit.

Defendant Sigman contends that the trial court erred in admitting into evidence the People's exhibit 29, an authenticated copy of an official record of the Department of Correction of the State of Missouri bearing the heading "Certified Transcript of Serial Record." Defendant argues that it was introduced as a purported record of a prior conviction of a felony for purposes of impeachment of his credibility and is not in proper form to be admitted for that purpose. There was no objection made as to the form of the record, and although it was not in proper form to show the defendant's prior conviction it was admissible as rebuttal to impeach his testimony in that it shows that during a period of time when he testified he was in Los Angeles he was, in fact, confined in a penal institution in Missouri. Under the circumstances the trial court did not err in admitting the exhibit.

The record shows that during the trial defense counsel

moved for a mistrial on the ground that a State trooper was observed talking to a juror during a recess and that an investigator for the State's Attorney was also present. The court stated that the matter had been called to the court's attention and upon inquiry by the court the investigator stated that they were discussing fishing and that nothing was said about the case. The judge stated further that he had advised the trooper and the investigator that it was improper to talk to jurors, and denied the motion. The record shows that neither the trooper nor the investigator testified, and there is nothing to indicate that the occurrence was in any manner prejudicial to the defendants.

In addition to the brief filed by the public defender defendants have filed a lengthy *pro se* brief. An examination of the latter shows that most of the alleged errors therein discussed are without basis in the record and need not be further considered by this court. We find no reversible error and the judgments are affirmed.

*Judgments affirmed.*