THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MACK A. TOMPKINS, Defendant-Appellee.

(No. 59056; ▮▮▮▮▮▮▮▮)

First District (4th Division)—November 27, 1974.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mariann Twist, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (James N. Gramenos, Assistant Public Defender, and Jerry M. Aufox, Senior Law Student, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Defendant, Mack A. Tompkins, was indicted for the murder of Cornelia Reese. On May 9, 1972, he filed a pretrial motion to suppress physical evidence consisting of clothing and shoes allegedly taken from him without a warrant in violation of the Constitution of the State of Illinois. At trial defense counsel moved to orally amend this petition on its face to include an assertion that the introduction of this evidence would be in violation of section 108—2 of the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 108—2). The trial court sustained the motion to suppress solely on the statutory ground of section 108—2. Pursuant to Supreme Court Rule 604, the State appeals.

The facts are not generally in dispute. On May 14, 1971, defendant

was arrested in connection with the murder. At the time of his arrest, articles of clothing were taken from his person over his objections. That same day defendant was released from custody without charges being preferred. The police retained possession of the clothing, and a chemical analysis was performed on the items. On May 21, 1971, a warrant was issued for defendant's arrest. He was arrested in Cleveland, Ohio on February 5, 1972, and returned to Chicago for trial.

Section 108—2 of the Illinois Code of Criminal Procedure provides:

"Custody and Disposition of Things Seized.) An inventory of all instruments, articles or things seized on a search without warrant shall be given to the person arrested and a copy thereof delivered to the judge before whom the person arrested is taken, and thereafter, such instruments, articles or things shall be handled and disposed of in accordance with Sections 108—11 and 108—12 of this Code. *If the person arrested is released without a charge being preferred against him all instruments, articles or things seized, other than contraband shall be returned to him upon release.*" (Emphasis ours.)

The State contends that the failure to comply with section 108—2 constitutes a mere technical error which does not compel a suppression of the evidence. We agree. This is not to say that the evidence could be used if it were seized in violation of the defendant's constitutional rights. But the record shows that the trial court specifically did not rule on this issue, and unfortunately, it is not before us.

Section 108—2 must be read in conjunction with section 108—14 of the same statute which states:

"No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused."

The aforementioned statute was applied in *People v. Smith*, 50 Ill.2d 229, wherein the defendant unsuccessfully urged the suppression of evidence based on a violation of section 108—2. The court held that a failure to comply with a statutory direction to furnish an inventory of seized materials pursuant to a warrantless search will not, in the absence of prejudice, invalidate an otherwise proper search and seizure.

Similarly, in *People v. Pruitt*, 16 Ill.App.3d 930, 307 N.E.2d 142, the defendant contended that certain clothing should have been suppressed from evidence when, in violation of section 108—2, the police failed to return these items upon his release. The Second District court held that since the retention was only a violation of a statutory right, and not a constitutional one, the clothing was not subject to the exclusionary rule and did not require suppression (citing *People v. Smith*).

■■ We note that the defendant has interjected the issue of whether the arrest, itself, was constitutional. As we stated above, the constitutionality of the defendant's arrest was never considered nor ruled upon by the court below. Since the issue is not before us, the cases cited by the defendant on this matter are inapplicable.

■■ In searching case law we find a wide spectrum of decisions wherein the courts have found that a mere technical violation of statutory search and seizure procedure did not affect the defendant's substantial rights. (See *People v. Canaday,* 49 Ill.2d 416; *People v. Hawthorne,* 45 Ill.2d 176; *People v. Williams,* 36 Ill.2d 505; *People v. La Valley,* 7 Ill.App.3d 1051, 289 N.E.2d 45; *People v. Laws,* 7 Ill.App.3d 826, 288 N.E.2d 890; *People v. Foster,* 72 Ill.App.2d 337, 219 N.E.2d 683; *People v. Aiuppa,* 48 Ill.App.2d 95, 198 N.E.2d 738.) We are compelled by the record to characterize the instant statutory violation as a mere technical error. Accordingly, we hold that no substantial rights of the defendant were infringed.

The order suppressing physical evidence is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ADESKO, P. J., and JOHNSON, J., concur.