No. 13714

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA, on the
Relation of PHIL MANKIN,

Petitioner,

-vs-

THE HONORABLE ROBERT H. WILSON,
District Judge of the Thirteenth Judicial District
of the State of Montana, in and for the County
of Yellowstone,

Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana
Richard Anderson argued, Billings, Montana

For Respondent:

Harold Hanser, County Attorney, Billings, Montana
K. Kent Koolen argued, Deputy County Attorney,
Billings, Montana

---

Submitted: June 8, 1977

Decided: SEP 22 1977

Filed: SEP 22 1977

Thomas J. Kearney
_____
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Petitioner, Phil Mankin, seeks a writ of supervisory control from this Court to require the presiding judge in Criminal Cause No. 10081, in the district court, Yellowstone County, to grant petitioner's motion to suppress evidence.

Petitioner was charged with the crime of burglary of a residence. A pretrial motion was filed to suppress evidence consisting of shoes, wrenches, gloves and any other clothing or personal possessions allegedly taken from petitioner without a warrant in violation of his rights. An agreed statement of facts was submitted to the district court for its consideration, supplementing other testimony and evidence presented at the formal hearing on the motion to suppress. The district court denied the motion. From this denial, petitioner seeks a writ of supervisory control or other appropriate writ from this Court.

The facts are not generally in dispute. On June 13, 1976, petitioner was arrested in connection with thefts from cars. Shortly after petitioner's arrest, a burglary was reported of a residence located within the same vicinity as the alleged thefts. The petitioner was held in custody on the initial arrest for theft from cars, pending further investigation of both that crime and the house burglary.

On the day of petitioner's arrest articles of clothing were taken from his person. On the following day, petitioner was released from custody without charges filed. Petitioner's shoes and other personal possessions were retained by the police and submitted to the F.B.I. laboratory for comparative analysis with footprints found during the investigation of the house burglary.

Four months later, upon receipt of the F.B.I. report, petitioner was charged with the burglary of the residence.

Petitioner moves to suppress this evidence on the grounds

the state violated section 95-714, R.C.M. 1947.

Petitioner does not contend that his initial arrest was unlawful. Where a lawful arrest occurs, section 95-701, R.C.M. 1947, allows the search of a person and seizure of articles incident to that lawful arrest. According to the Revised Commission comment to section 95-714: "Any 'taking' by a police officer amounts to a seizing."

Petitioner's shoes were taken from him at the time of his arrest. This taking constituted a lawful seizure. Since the seizure was lawful, the question before this Court is whether the retaining of the property by the police was a mere technical error under section 95-714.

The state contends the failure to comply with section 95-714, constitutes a mere technical error which does not compel the catastrophic consequences of suppression of the evidence.

Conversely, petitioner contends that noncompliance with section 95-714 must result in suppression of property lawfully seized. The following portion of section 95-714 is relied on to support this contention:

> " * * * If the person arrested is released without
> a charge being preferred against him, all instru-
> ments, articles or things seized from him, other
> than contraband shall be returned to him upon
> release."

Section 95-714 gives as its source the Illinois Code of Criminal Procedure, Chap. 38, Section 108-2; a statute essentially identical to our own. The Illinois court in construing section 108-2 has rejected the same argument as that raised by petitioner. In People v. Pruitt, 16 Ill.App.3d 930, 307 N.E.2d 142, 151, cert. denied 419 U.S. 968, 95 S.Ct. 232, 42 L Ed 2d 184 (1974), the Illinois court stated:

> "Nevertheless, the defendant contends the clothes
> and the hair sweepings should have been suppressed
> because the police violated Ill.Rev.Stat. (1971)
> Ch. 38, Sec. 108-2 when the police did not return

- 3 -

these items upon the defendant's release that same night. * * *

" * * *

"Defendant claims that this section has a basis in the Fourth Amendment and represents a legislative codification of it; and that the items retained in violation of this section must be suppressed under the exclusionary rule.

"The seizure and retention of these items did not constitute a violation of defendant's Fourth Amendment rights. As stated previously, the defendant was validly arrested and the items were validly seized. The retention of these items after defendant was released was valid because the items could be easily destroyed. * * *

" * * * Therefore, at most, only the retention of the defendant's clothing violated the language of the Statute. As such retention was only a violation of a statutory right and not a constitutional one, the clothing is not subject to the exclusionary rule of evidence and did not require suppression."

The Illinois court reiterated this holding in People v. Tompkins, 24 Ill.App.3d 470, 321 N.E.2d 326, 327 (1974), where the facts are essentially the same as petitioner's case. The court in Tompkins stated:

"The State contends that the failure to comply with section 108-2 constitutes a mere technical error which does not compel a suppression of the evidence. We agree.* * *

"Section 108-2 must be read in conjunction with section 108-14 of the same statute which states:

"'No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused.'

"The aforementioned statute was applied in People v. Smith, 50 Ill.2d 229, 278 N.E.2d 73, wherein the defendant unsuccessfully urged the suppression of evidence based on a violation of section 108-2. The court held that a failure to comply with a statutory direction to furnish an inventory of seized materials pursuant to a warrantless search will not, in the absence of prejudice, invalidate an otherwise proper search and seizure."

The Illinois court above referred to Ill.Rev.Stat. Section 108-14.

- 4 -

This section is the source of our own section 95-717, R.C.M. 1947, which mandates against suppression of evidence on the basis of irregularities in the proceedings, where the irregularities do not affect the substantial rights of the accused.

Montana follows the rule of statutory construction where, in borrowing a statute from another state, the legislature borrows the construction placed upon it by the highest court of the state from which it is borrowed. Dunham v. Southside National Bank of Missoula, 169 Mont. 466, 548 P.2d 1383, 33 St.Rep. 372 (1976). While this Court will consider the construction placed on the borrowed statute, such construction is not binding upon this Court. State ex rel. Dept. of Highways v. Hy-Grade Auto Court, 169 Mont. 340, 546 P.2d 1050, 33 St.Rep. 222 (1976).

In the case at hand, we accept the construction placed upon the statute by the Illinois court and adopt it for our own. Accordingly, petitioner's writ for supervisory control or other applicable writ is denied.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -

Mr. Justice Daniel J. Shea dissenting:

I would grant the petition for writ of supervisory control and suppress use of the shoes as evidence.

The majority states that "petitioner's shoes were taken from him at the time of the arrest." But, they were not taken to hold as evidence. They were taken along with all his clothes and belongings on his person as part of the standard booking procedures used when a person is arrested and taken to jail. His clothes and shoes were not "seized" at that time.

At the time defendant was booked he was under arrest only for car burglary, and his clothes (including his shoes) were taken from him before he was ever a suspect in the burglary of the house. It was later that the police checked the footprints outside the house and comparing them with defendant's shoes, determined that he might be linked to the house burglary.

Until his release from jail, defendant's clothes and shoes were in the lawful custody of the police. Upon his release, if the police wanted to keep the shoes for further investigation of the house burglary, they should have applied to the district court for an order impounding the shoes. In not doing so, and in refusing to return defendant's shoes to him upon this release from jail, they violated section 95-714, R.C.M. 1947. The statute is rendered meaningless if the police are not compelled to either obtain a court order impounding a defendant's clothes or personal belongings, or to return them to the defendant upon his release from jail. Suppressing the evidence is the only meaningful way of assuring compliance with that statute.

_____
Justice